IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KELLY LYNN LOPEZ, )
 )
       Plaintiff, )
 )
  -vs- ) Civil Action No. 13-195E
 )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
       Defendant. )

AMBROSE, Senior District Judge

## OPINION
and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 7 and 13). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 8, 14 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (Docket No. 7) and denying Defendant's Motion for Summary Judgment. (Docket No. 13).

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act ("Act"). Plaintiff filed an application for benefits on April 26, 2010, alleging she had been disabled since February 18, 2005. (Docket Nos. 6-5, pp. 2-4). Administrative Law Judge ("ALJ") Alfred J. Costanzo held a hearing on November 18, 2011. (Docket No. 6-2, pp. 26-53). On December 12, 2011, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Docket No. 6-2, pp 12-21).

1

After exhausting all administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 7 and 13). The issues are now ripe for review.

## II. **LEGAL ANALYSIS**

### A. **STANDARD OF REVIEW**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. ASSESSMENT OF PLAINTIFF'S MENTAL IMPAIRMENTS[1]

Plaintiff submits that the ALJ erred in evaluating her mental impairments. (ECF No. 8, pp. 12-28; No. 15, pp. 3-17). Specifically, Plaintiff argues that the brevity by the ALJ in assessing the opinion evidence requires remand. (ECF No. 8, pp. 12-28). Additionally, Plaintiff argues that the ALJ fails to mention, let alone discuss, the opinion of Dr. Bailey, a consultative examiner, such that this court cannot make a meaningful review. (ECF No. 8, pp. 17-18). Plaintiff also submits that the opinion of the ALJ is internally inconsistent, that the ALJ failed to discuss the diagnoses of bipolar disorder and agoraphobia with panic disorder, that he mischaracterized the assessment of

---

[1] Plaintiff takes issue only with the findings related to her mental impairments. (ECF No. 8, pp. 12-28). As a result, my discussion will be limited to the same.

CRNP Riddle, and completely ignored medical treatment records. *Id.* at pp. 18-27. Defendant counters that the ALJ adequately supported his decision with substantial evidence and should be affirmed. (ECF No. 15). After a review of the record, I agree with Plaintiff.

An ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203-04 (3d Cir. 2008). An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g). *Cotter,* 642 F.2d at 705. An ALJ's decision should allow a reviewing court the ability to determine if "significant probative evidence was not credited or simply ignored." *Fargnoli v. Massanari,* 247 F.3d 34, 44 (3d Cir. 2001).

In the present case, I find the ALJ completely failed to meet this standard. For example, in assessing whether Plaintiff's impairments meet or medically equal a listed impairment, the ALJ stated that he "concurred with the psychological consultant…." (ECF No. 6-2, p. 17). Presumably, the ALJ is concurring with the opinion of Dr. Kerry Brace, a non-examining state agency psychologist. The ALJ does not go into any meaningful discussion as to the weighing of Dr. Brace's opinions. Clearly, the ALJ accepted Dr. Brace's opinions while rejecting the opinions of others but without explanation. *Id.* Additionally, the ALJ fails to note that Dr. Brace did not review treatment records from Stairways Behavioral Health, which were available at the time, and how this might impact the opinion. "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812

(E.D. Pa 2006). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett v. Comm'r of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000), *quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981). The ALJ's failure to discuss the reasons for concurring with Dr. Brace's opinions and rejecting others prohibits me from conducting a proper and meaningful review. Therefore, I find the remand is warranted for further consideration on this issue.

Next, Plaintiff argues that the ALJ failed to mention or give any weight to the opinion of Dr. Glenn Bailey, an examining state agency consultant such that remand is warranted. (ECF No. 8, pp. 17-18; No. 15, pp. 7-8). After a review of the record, I agree. The ALJ failed to mention the evaluation or the functional questionnaire completed by Dr. Bailey (Exhibits 10F and 11F). *Compare* ECF No. 6-2, pp. 12-21, *with* No. 6-14, pp. 27-39. While it is true that the ALJ cited Exhibit 11F, Dr. Bailey's evaluation report, the ALJ merely provided it in a string citation to support his statement that Plaintiff's most recent suicide attempt was in 2006[2] and that she was on parole until 2014. (ECF No. 6-2, p. 15). The complete failure to discuss Dr. Bailey's report and the questionnaire in any meaningful manner prohibits me from conducting a proper review. Thus, remand is warranted.

Additionally, Plaintiff argues that the ALJ did not adequately discuss the treatment records from Stairways Behavioral Health and CRNP Charlotte Riddle's medical source statement and that he completely failed to discuss Plaintiff's diagnosis of bipolar disorder and agoraphobia with panic disorder. (ECF No. 8, pp. 19-27; No. 15, pp. 8-14). After a review of the record, I agree with Plaintiff. To begin with, the entirety of the ALJ's discussion of Plaintiff's 1 ½ year treatment records from Stairways is particularly terse.

---

[2] Contrary to the ALJ's statement that Plaintiff's most recent suicide attempt was in 2006, a review of Dr. Bailey's report reveals that her most recent suicide attempt was in 2009. (ECF No. 6-14, p. 32).

> Turning to the claimant's mental and alcohol abuse, the undersigned finds that recent treatment of her depression has been effective. Dr. Stillman's and Ms. Riddle's examination's (sic) showed improvement and were essentially normal. Her symptoms have stabilized with treatment.

(ECF No. 6-2, p. 18). Just because someone "improves" or someone is "stable" does not necessarily mean that Plaintiff's work related abilities and limitations improved or are adequate. It very well could mean that in her improved/stable state, Plaintiff still had serious limitations. I find the ALJ's exceptionally cursory review of Plaintiff's treating records is insufficient to allow me to conduct a proper review. More specificity regarding Plaintiff's treatment records at Stairways is required. This error, coupled with the errors above, prevents me from making a meaningful review. Therefore, remand of this case is warranted.

With regard to Ms. Riddle's medical source statement, the ALJ discredits it by stating that the treatment notes do not support her findings. (ECF No. 6-2, pp. 18-19). Since I have found the ALJ erred in his review of Plaintiff's treating records, the weight accorded to Ms. Riddle's medical source statement cannot stand. Thus, remand is warranted on this basis.

Additionally, I find the ALJ failed to discuss or mention the diagnoses of bipolar disorder and agoraphobia with panic disorder. *See,* ECF No. 6-2, pp. 12-21; No. 6-18, pp. 6, 34. This is pertinent and relevant information that should have been considered by the ALJ. Since the ALJ failed to mention it, I am unable to discern whether this evidence was not credited or simply ignored. As a result, remand is warranted on this basis.[3]

---

[3]Plaintiff points out that the ALJ finds one of her severe impairments to be her obsessive compulsive disorder ("OCD"). (ECF No. 8, pp. 18-19, *citing* ECF No. 6-2, p. 14). Yet, in discussing her OCD, the ALJ finds her OCD to be a nonsevere impairment. (ECF No. 6-2, p. 15). I agree with Plaintiff that this is internally inconsistent and, at best, a mistake on the part of the ALJ. While this error is harmless, on remand, the ALJ shall make a consistent finding regarding Plaintiff's OCD.

Plaintiff also points out that the ALJ finds one of her severe impairments to be her alcohol abuse. (ECF No. 8, pp. 18-19, *citing* ECF No. 6-2, p. 14). Yet, in discussing her alcohol abuse, the ALJ only cites to evidence that her alcohol abuse is in full remission. (ECF No. 6-2, p. 15). Based on the same, I agree with Plaintiff that this is internally inconsistent, as well. There is no evidence cited by the ALJ to support his finding that Plaintiff has a severe impairment of alcohol abuse, nor is there substantial evidence of record to support it. *Id.* This is an error on the part of the ALJ. Thus, the ALJ is directed to correct this on remand.

On remand, the ALJ must provide a more thorough and well-reasoned discussion of the evidence.

### C.     CREDIBILITY ASSESSMENT

Finally, Plaintiff submits that the ALJ erred in assessing the credibility of Plaintiff. (ECF No. 8, pp. 27-28; No. 15, pp. 14-17). To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id*. I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In this case, the ALJ attempts to discredit Plaintiff's statements "to the extent they are inconsistent with the above residual functional capacity assessment." (ECF No. 6-2, p. 18). Since I have found that the ALJ erred in rendering his opinion regarding Plaintiff's medical records set forth above, his finding regarding Plaintiff's credibility simply cannot stand. *Mason v. Shalala,* 994 F.2d 1056, 1068 (3d Cir. 1993). Thus, remand is warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELLY LYNN LOPEZ, | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | Civil Action No. 13-195E |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 16th day of June, 2014, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 7) is granted and Defendant's Motion for Summary Judgment (Docket No. 13) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further proceedings consistent with the foregoing opinion.

                                        BY THE COURT:

                                        s/ Donetta W. Ambrose
                                        Donetta W. Ambrose
                                        United States Senior District Judge